## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Daigle

May 25, 1989

Case No. (Law) 88895

By JUDGE THOMAS J. MIDDLETON

Defendant Daigle was issued a Rule to Show Cause Order on February 1, 1989, to show cause why he should not be adjudged an habitual offender. He was served in person with the notice. Certification by the Division of Motor Vehicles occurred on January 14, 1988. The Criminal Information filed by the Commonwealth's Attorney was filed on January 31, 1989. Defendant argues that the one year and seventeen days which it took the Commonwealth's Attorney to file the information violates § 46.1-387.4 which provides such information shall be filed "forthwith" after receipt of the Division of Motor Vehicle certification. Failure to do so, he argues, requires a dismissal of the show cause orders.

The Commonwealth Attorney alleges that the delay in filing the Criminal Information was due to a variety of circumstances. Among them were the large volume of such cases to be prosecuted and the limitations, previously (now removed) placed upon prosecution by the Court. Since March, 1988, approximately three hundred cases per month have been presented to the Commonwealth's Attorney for prosecution. It was alleged that the heavy caseload of the Commonwealth's Attorney's office makes it difficult to process certifications any more efficiently.

This Court is of the opinion that the letter opinion issued by Judge Jamborsky on May 27, 1988, in the case

of the *Commonwealth of Virginia v. Herbert E. Potter*, At Law No. 82872, ▮ is dispositive of the issue presented for decision.

That letter opinion is adopted by the Court. Under the facts and circumstances of the case before the Court, the delay from January 14, 1988, until January 31, 1989, does not violate the "forthwith" provision of § 46.1-387.4 of the Code of Virginia.